IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAMERON CHRISP, | ) | 8:15CV81 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAUNDERS COUNTY JAIL, and | ) | |
| SAUNDERS COUNTY, | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

This action was filed by Cameron Chrisp ("Chrisp" or "Plaintiff"), a pro se litigant incarcerated at the Hall County Department of Corrections in Grand Island, Nebraska. The court previously ordered Chrisp to file an amended complaint, which he did on April 15, 2015 (Filing No. 10). The court now conducts an initial review of Chrisp's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Liberally construed, Chrisp brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The named defendants are Saunders County, Nebraska, and the Saunders County Jail. (Filing No. 10 at CM/ECF p. 1.)

Chrisp alleged he was incarcerated at the Saunders County Jail from May of 2012 to July of 2012. During this time, he "was denied access to the courts, due process, [and] any and all requests for hearings before a judge[.]" (*Id.* at CM/ECF p. 2.) Chrisp alleged he called his public defender, the Saunders County District Court, child support enforcement authorities, and a judge, but he did not receive "adequate responses" from any of them. (*Id.* at CM/ECF p. 3.) Ultimately, officials released

Chrisp without "charge nor explanation" in July of 2012. (*Id.* at CM/ECF p. 2.) For relief, Chrisp seeks "damages." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected

2

by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Chrisp sued only a municipality in this case. The question the court must consider is whether Chrisp's claims fail as a matter of law because he did not allege a policy or custom caused his injuries.

A municipality is liable under section 1983 only if injury was caused pursuant to the municipality's policy or custom. *Los Angeles Cnty., California v. Humphries*, 562 U.S. 29, 31 (2010) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)). In order to establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

For a municipality to be found liable under section 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). A municipality or government entity cannot be held vicariously liable for the actions of one of its agents. *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 674 (8th Cir. 2007). Rather, there must be a showing a governmental employee was acting in accordance with a government policy or custom in order for liability to attach to the municipality under section 1983. *Id.*

Here, Chrisp did not allege a Saunders County policy or custom caused his injuries. In addition, he did not assert any underlying substantive claim against an individual defendant acting in accordance with a policy or custom. For these reasons, Chrisp's amended complaint does not state a claim upon which relief may be granted. On the court's own motion, Chrisp will be given an opportunity to file a second amended complaint that states a claim upon which relief may be granted against Saunders County.

## IV. MOTION TO APPOINT COUNSEL

Chrisp filed a motion seeking the appointment of counsel (Filing No. 11). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied.

IT IS THEREFORE ORDERED that:

1. Chrisp must file a second amended complaint within 30 days in accordance with this order. Failure to file a second amended complaint will result in the court dismissing this case without further notice to Chrisp.

2. The clerk of the court is directed to set a pro se case management deadline in this matter: June 22, 2015: Check for second amended complaint; dismiss if none filed.

3. Chrisp's motion seeking the appointment of counsel (Filing No. 11) is denied.

DATED this 22nd day of May, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5